**DOW CHEMICAL USA et al.**

v.

**ENVIRONMENTAL PROTECTION AGENCY.**

Civ. A. No. 80–197–A.

United States District Court, M. D. Louisiana.

June 3, 1980.

Theodore L. Garrett, Covington & Burling, Washington, D. C., J. Berry St. John, Jr., Liskow & Lewis, New Orleans, La., for plaintiffs except PPG.

Donald L. Beckner, U. S. Atty., Shelly C. Zwick and E. Barton Conradi, Asst. U. S. Attys., Baton Rouge, La., Earl Salo, Atty., Environmental Protection Agency, Washington, D. C., Mark R. Sussman, Atty., U. S. Dept. of Justice, Washington, D. C., for defendant.

Joseph E. LeBlanc, Jr., Richard A. Fraser, III, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for intervenor.

## MEMORANDUM OPINION

JOHN V. PARKER, Chief Judge.

This matter is before the Court upon: (1) a motion to intervene filed on behalf E. I. Du Pont de Nemours & Co., Inc. ("Du Pont"); (2) a motion for preliminary injunction filed on behalf of plaintiffs, Dow Chemical Company, et al. ("Dow"); and (3) a motion to dismiss filed by defendant, the Environmental Protection Agency. The motion for preliminary injunction was heard by the Court on April 29, 1980, and taken under advisement. On May 29, 1980, the Court temporarily restrained the Environmental Protection Agency from publishing the proposed "Standards of Performance" which are the subject of this dispute.

## I.

### MOTION TO INTERVENE

Dow and the other plaintiffs are the producers of organic cleaning solvents, also known as degreasers which contain substances known as methylene chloride, methyl chloroform, trichloroethylene and perchloroethylene that are the subject of proposed "Standards of Performance" which the Environmental Protection Agency intends to publish in the *Federal Register* as a proposed administrative regulation. Plaintiffs are objecting to the publication and Du Pont seeks to intervene in these proceedings alleging that its commercial solvent used in degreasers, known as trichlorotrifluoroethane, more pronounceably known as "F–113," is in all respects subject to the same regulatory scheme and administrative actions involving the substances used by plaintiffs. Thus, Du Pont claims that it is also entitled to injunctive relief against the Environmental Protection Agency and it

has also filed a motion for a temporary restraining order and for a preliminary injunction.

Plaintiffs do not oppose the intervention but the Environmental Protection Agency does, pointing out that the hearing on the motion for preliminary injunction has already been concluded. Du Pont has filed a unilateral "Stipulation" in the record declaring that if it is permitted to intervene, then:

> ". . . Du Pont stipulates and agrees to the consideration of its Motion for Temporary Restraining Order and Preliminary Injunction, attached to Du Pont's Application to Intervene, without further hearing or oral argument upon said Motion, and on the basis of the argument presented and heard on April 29, 1980 upon the plaintiffs' similar Motion for Temporary Restraining Order and Preliminary Injunction, and upon the EPA's Motion to Dismiss." (See Stipulation of Du Pont)

Du Pont claims that it may intervene of right under Rule 24(a)(2), Fed.R. Civ.P. The Court entertains considerable doubt regarding intervention of right in this case since Du Pont's claims relate to an entirely different chemical substance than those utilized by plaintiffs, and thus Du Pont does not claim "an interest relating to the property or transaction which is the subject of the action," as required by Rule 24(a)(2). In view of Du Pont's "Stipulation," however, the intervention will not delay the proceedings and neither plaintiffs nor defendant will be prejudiced thereby. Du Pont does have a claim against the defendant similar to those asserted by plaintiffs, and it will be permitted to intervene under Rule 24(b)(2), Fed.R.Civ.P.

## II.

### MOTION FOR PRELIMINARY INJUNCTION

By Section 111 of the Clean Air Act, 42 U.S.C. § 7411, the Environmental Protection Agency is directed by the Congress to publish and periodically revise, a list of categories of stationary sources that cause or contribute significantly to air pollution which may reasonably be anticipated to endanger public health or welfare. After receiving public comment upon the sources thus listed, the Environmental Protection Agency is required to publish proposed regulations establishing federal standards of performance for those categories of sources listed. Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B).

As noted above, plaintiffs and intervenor are producers of substances utilized in organic cleaning solvents or degreasers that are the subject of proposed "Standards of Performance" which are about to be published by the administrative agency. That regulation would limit emissions of the substances from organic solvent degreasers which are in wide use in industry throughout the nation.

Plaintiffs and intervenor claim that the Environmental Protection Agency cannot publish a new regulation (the "Standards of Performance") relating to these substances because they were not included in the list of categories of stationary sources of pollution previously established by the Environmental Protection Agency[1] under Section 111(b)(1)(A), 42 U.S.C. § 7411(b)(1)(A). Movers also claim that under Section 111 of the Act, the Agency is first required to publish a list of sources, receive public comment thereon, and prepare a final list of categories of sources and then, and only then, can it publish proposed regulations ("Standards of Performance"). These proposed regulations also require opportunity for comment. Movers argue that the Agency here has omitted the first step in the regulatory process in failing to include these substances on the original list of categories of sources of pollution, and they further argue that they will suffer irreparable injury by the mere publication of the proposed regulation since its effective date will ultimately relate back to the date of publication. Plaintiffs claim that they may chal-

---

1. See 44 Fed.Reg. 38872 (Aug. 31, 1978) and 44 Fed.Reg. 49222 (Aug. 21, 1979).

lenge this administrative action and obtain injunctive relief because the Agency is not following the statutory administrative process.

I find that this Court lacks jurisdiction to hear this matter; consequently, the merits of the various claims are not reached.

In the 1977 Amendments to the Clean Air Act, the Congress made extensive revisions in the judicial review of administrative actions of the Environmental Protection Agency, many of which had been reviewable in federal district courts under 28 U.S.C. § 1331(a). Section 307(b)(1), 42 U.S.C. § 7607(b)(1), now contains an enumeration of specific administrative actions which may be reviewed only in the Court of Appeals for the District of Columbia or the Court of Appeals "for the appropriate circuit," depending upon whether the action is of national or regional application. That section provides, in part:

> "(b)(1) A petition for review of action of the Administrator in promulgating any national primary or secondary ambient air quality standard . . . or any other nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia. A petition for review of the Administrator's action in approving or promulgating any implementation plan under section 7410 of this title . . . or under regulations thereunder, or any other final action of the Administrator under this chapter . . . which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit. . . ."

In *P.P.G. Industries, Inc. v. Harrison*, 587 F.2d 237 (5th Cir. 1979), the Court of Appeals held that Congress did not intend to shift all review of Environmental Protection Agency action from the district courts to the courts of appeal and that the district courts retained jurisdiction to review some administrative actions. The Supreme Court granted certiorari in that case, and on May 27, 1980, reversed the Court of Appeals,

holding that the phrase "any other final action" in Section 307(b)(1) above is to be construed in accordance with its literal meaning so as to reach any action of the Agency that is final, not just final actions similar to those specifically enumerated in the section. See *Harrison, Regional Administrator, Etc. v. P.P.G. Industries, Inc., et al.*, —— U.S. ——, 100 S.Ct. 1889, 64 L.Ed.2d 525, (1980).

In the *P.P.G.* case, the Supreme Court was concerned with Agency action which was locally or regionally applicable and not action which was nationally applicable, and thus it construed the second "final action" phrase contained in Section 307(b)(1). Here, the administrative action is undisputably nationally applicable since the "Standards of Performance" will be of nationwide effect. Thus, this Court must construe the first part of Section 307(b)(1) relating to "final action." The language used is slightly different. In the first part of the section relating to matters of national application, the Congress used the words "or any other nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter," while in the second portion of the section relating to matters of local or regional application, the Congress stated "or *any other* final action of the Administrator under this chapter."

In *Harrison v. P.P.G.*, the Supreme Court declined to apply the doctrine of *ejusdem generis*, holding that the congressional language was clear and not uncertain and that the phrase "any other final action" meant exactly what it says. There is no more reason to apply the doctrine of *ejusdem generis* to the first portion of Section 307(b)(1) than to the second portion. Accordingly, I construe the language "or final action taken, by the Administrator under this chapter" to mean exactly what it says, despite the slightly different wording utilized by the Congress; and it says that nationally applicable final action may be reviewed only in the Court of Appeals for the District of Columbia.

This is clearly "final action" by the administrative agency, even though the pro-

posed regulations may, after comment, be revised. The "final action" is the decision of the Administrator to publish the proposed performance standards. The action which the plaintiffs ask this Court to review is, therefore, "final action taken, by the Administrator under this chapter"; and since it is nationally applicable, a petition for review of that action "may be filed only in the United States Court of Appeals for the District of Columbia." Accordingly, this Court is without jurisdiction to entertain this suit.

For the foregoing reasons, the motion to intervene filed herein by E. I. Du Pont de Nemours & Co., Inc., is hereby GRANTED; the motion for preliminary injunction filed herein by plaintiffs, Dow Chemical Company, et al., and intervenor, Du Pont, are hereby DENIED; and the motion to dismiss filed by the defendant, Environmental Protection Agency, is hereby GRANTED. Counsel for the Environmental Protection Agency is directed to prepare and submit a proposed judgment which will include dissolution of the temporary restraining order previously issued herein.